UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY RAY CAUDLE, et al.,  )<br>)<br>Plaintiffs  )<br>)<br>vs.  )<br>)<br>GOODYEAR TIRE AND RUBBER  )<br>COMPANY,  )<br>)<br>Defendant  ) | Case No. 2:08-cv-01664-HGD |

### MEMORANDUM OPINION

The above-entitled civil action is before the court on the Motion for Partial Summary Judgment filed by defendant Goodyear Tire and Rubber Company (Goodyear). (Doc. #17). Goodyear seeks partial summary judgment in its favor on plaintiffs' claim of negligent entrustment.

Plaintiffs, Timothy Ray Caudle and Kathy Caudle, allege in their complaint that on August 24, 2007, on Highway 280 in Shelby County, Alabama, Goodyear employee Robert Graves Ellyson was working in the line and scope of his employment as a truck driver for Goodyear, driving a truck owned by Goodyear. Plaintiffs allege in Count I that Ellyson negligently or wantonly allowed his vehicle to rear-end the vehicle being driven by Timothy Caudle, causing permanent injuries to Caudle's back and neck. Plaintiffs also allege in Count II of the complaint that Goodyear negligently entrusted its vehicle to Ellyson. Plaintiff Kathy Caudle asserts a claim for loss of consortium in Count III of the complaint. (Doc. #1, Complaint).

In its Motion for Partial Summary Judgment, Goodyear contends that plaintiffs' claim of negligent entrustment is due to be dismissed because there is no evidence that Ellyson was an incompetent driver. Defendant filed its Motion for Partial Summary Judgment on September 1, 2009. Under Appendix II to the Initial Order Governing All Further Proceedings entered in this action on October 17, 2008, the responsive submission of the party opposing a motion for summary judgment was to be filed not later than 21 days after the motion for summary judgment is filed. (Doc. #4 at 16). To date, plaintiffs have not filed any opposition to the Motion for Partial Summary Judgment. Therefore, the motion is deemed unopposed by the court.

Summary judgment pursuant to Rule 56, Fed.R.Civ.P., "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. Thus, summary judgment is appropriate where the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 332, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). This circuit clearly holds that summary judgment should be entered when the moving party has sustained its burden of showing the absence of a genuine issue of material fact when all the evidence is viewed in the light most favorable to the non-moving party, *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir. 1983); *see also, Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A party

opposing summary judgment may not rely merely on allegations in its pleadings but must, by affidavits or otherwise, set out specific facts showing a genuine issue for trial.  Rule 56(c)(2), Fed.R.Civ.P.

On August 24, 2007, Ellyson was involved in an automobile accident while driving a Ford F-250 pickup truck for Goodyear.  (Doc. #17, Ex. A, Ellyson Affid., ¶ 2).  Prior to that date, Ellyson had not been involved in any motor vehicle accidents, nor had he ever received any tickets for speeding or other traffic violations.  (*Id.* at ¶¶ 3, 4).  Ellyson's driver's license has never been revoked or suspended.  (*Id.* at ¶ 5). Before being hired by Goodyear, Ellyson had to undergo a standard background check and drug screen, both of which he passed.  (*Id.* at ¶ 6).

Robert White, the current manager of the Goodyear location which employs Ellyson as a driver, also has submitted an affidavit.  (Doc. #17, Ex. B, White Affid.). White states that a commercial driver's license is not required to operate the F-250 pickup truck Ellyson was driving at the time of the accident with Caudle.  (*Id.* at ¶ 4). Before he was hired at Goodyear, Ellyson underwent and passed a standard background check, which included a check of his driving record and a drug screen. (*Id.* at ¶ 5).  Goodyear is not aware of any accidents or traffic citations involving Ellyson prior to August 24, 2007.[1]  (*Id.* at ¶ 6).

The elements of a cause of action for negligent entrustment are: (1) an entrustment; (2) to an incompetent; (3) with knowledge that he is incompetent;

---

[1] The affidavit refers to "August 27, 2007" as the date of the accident.  For purposes of this report and recommendation, the undersigned will use the date in plaintiff's complaint, August 24, 2007, as the date of the accident.

(4) proximate cause; and (5) damages. *Edwards v. Valentine*, 926 So.2d 315, 319 (Ala. 2005). A plaintiff claiming negligent entrustment must prove that the operator of the vehicle was an incompetent or reckless person. *Id.* at 321. The plaintiff may show that the driver to whom the defendant entrusted the vehicle was unable or unlikely to have operated the motor vehicle with reasonable safety due to one of several characteristics or conditions, including general incompetence or habitual negligence. *Id.* at 321-22 (quotations and citations omitted).

In this case, it is undisputed that Ellyson had never had his driver's license revoked or suspended prior to the accident with Caudle. Ellyson also had never received a speeding ticket or other traffic citation prior to that time, nor had he ever been involved in a motor vehicle accident. Further, before hiring Ellyson, Goodyear performed a background check on him, including his driving record, as well as a drug test. Goodyear found that Ellyson had a clean driving record and that he did not test positive for any drugs. Based on these undisputed facts, plaintiffs have failed to demonstrate that Ellyson was an incompetent or that Goodyear had any knowledge of any incompetence on Ellyson's part.

Based on the foregoing, it is ORDERED, ADJUDGED and DECREED that defendant's Motion for Partial Summary Judgment on the claim of negligent entrustment is GRANTED and plaintiffs' claim of negligent entrustment (Count II) is DISMISSED WITH PREJUDICE.

DONE this 4th day of November, 2009.

/s/ Harwell G. Davis, III
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE